LOTTINGER, Judge.
This is a suit filed by the State of Louisiana for the use and benefit of Rayford L. Wells against Thomas B. Conner and Edna Ficklin Causey as defendants on a surety bond given under the provisions of the Louisiana Safety Responsibility Law. The Lower Court awarded judgment against the defendants in the sum of $1,282.20, being the amount of the surety bond. The defendants have taken a suspensive appeal.
The facts disclose that on December 29, 1958 Thomas B. Causey was involved in an automobile accident with a minor son of Rayford L. Wells. Young Wells was in *322 jured in the accident, and the Wells automobile was demolished. A suit resulted in which Wells recovered a judgment against Thomas B. Causey in the sum of $3,026.20.
At the time of the accident Causey was not insured, and, in order to retain his driving privileges, he posted a bond pursuant to the provisions of LSA-R.S. 32:851 et seq., in the amount of $1,282.20. The defendants herein, namely, Thomas B. Conner and Edna Ficklin Causey, signed the bond as sureties. This suit is an attempt by the petitioner, Mr. Wells, to recover from the sureties the amount of the bond filed. The defendants, Thomas B. Conner and Edna Ficklin Causey, claim first that LSA-R.S. 32:903 is unconstitutional, that the bond is invalid because it does not comply with the statute, and that the signature of Thomas B. Conner was forged.
The Lower Court awarded judgment in favor of petitioner and against the defendants as aforesaid, and the defendants have appealed.
Apparently the main defense which the defendants claim to this suit is the form of the bond inasmuch as it does not describe any real estate. The bond, although labeled “Property Bond” is a personal bond signed by Thomas B. Causey, and Mrs. Edna Fick-lin Causey and T. B. Conner as sureties. The bond was signed by these parties in the presence of two witnesses and a Notary Public residing in the Parish of East Baton Rouge.
LSA-R.S. 32:903 provides as follows:
“Proof of financial responsibility may be furnished by filing with the commissioner the bond of a surety company duly authorized to transact business in the state, or a bond with at least two individual sureties each owning real estate within this state, and together having equities equal in value to at least twice the amount of such bond, which real estate shall be scheduled in the bond approved by a judge of a court of record. Such bond shall be conditioned for payments in amounts and under the same circumstances as would be required in a motor vehicle liability policy, and shall not be cancelable except after ten days’ written notice to the commissioner. Upon the filing of notice to such effect by the commissioner in the office of the proper clerk of court of the county or city where such real estate shall be located, such bond shall constitute a lien in favor of the state upon the real estate so scheduled of any surety, which lien shall exist in favor of any holder of a judgment against the person who has filed such bond.
“If such a judgment, rendered! against the principal on such bond shall not be satisfied within sixty days after it has become final, the judgment creditor may, for his own use and benefit and! at his sole expense, bring an action or actions in the name of the state against the company or persons executing such bond, including an action or proceeding to foreclose any lien that may exist upon the real estate of a person who has executed such bond.”
The act does require that the real estate owned by the sureties equal to twice the amount of the bond shall be scheduled in the bond. The bond filed in this matter, however, did not have any real estate schedule therein. The question therefore arises as to whether or not the sureties are still liable even though the bond which they gave does not comply with the strict requirements of the law.
Although the act requires a property bond, we feel that the Lower Court was correct in holding that the defendant under the general laws of suretyship is liable in the amount of the bond. The defendant signed the bond voluntarily, and for the purpose of assisting Mr. Causey in retaining his drivers license. She may not now complain that the bond is null and void because of a defect in form. See State for Use and Benefit of Sales v. Ray, 237 La. *323 599, 111 So.2d 786. Plaintiff had originally sought to enforce a lien against the property owned by the defendants but abandoned this part of his claim in the Lower Court.
We are not impressed by the argument of the defendant to the effect that the signature of T. B. Conner was forged. Mr. Conner has made no appearance in this suit, nor did he testify at the trial on the merits.
The defendant contends that LSA-R.S. 32:903 is unconstitutional for the principal reason that same is vague and that said act constitutes a delegation of Legislative power. The act is quoted hereinabove and it appears clear and explicit to us that the power given the commissioner is administrative only. For said reason we are not impressed by the argument that the act is unconstitutional.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed and all costs of this appeal are to be paid by defendants.
Judgment affirmed.